IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>I5 DISTRIBUTION INC., a domestic corporation, and WILLIAM KELLY COURSER, JR., an individual,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff Mesa Underwriters Specialty Insurance Company ("MUSIC"), by and through counsel Justin S. Landreth and Laura G. Spence of Selman Leichenger Edson Hsu Newman & Moore LLP, brings the present action against Defendants i5 Distribution Inc., a domestic corporation, and William Kelly Courser, Jr. an individual, alleging the following:

## I. INTRODUCTION

MUSIC seeks declaratory relief concerning its obligations, if any, to provide insurance coverage to its insured, i5 Distribution Inc., in connection with the underlying claims in the state court action that was filed in the Washington State Superior Court for Cowlitz County, styled as *William Courser, Jr. v. Satguru Ji Corp.; i5 Distribution., et al.*, Cause No. 25-2-00367-08 (the "Underlying Action").



SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101
T: 206.447.6461

## II. PARTIES

2.1 At all times material hereto, MUSIC has been a corporation organized under the laws of New Jersey with its principal place of business in Scottsdale, Arizona.

2.2 On information and belief, at all times material hereto, i5 Distribution Inc. has been incorporated in Washington state with its principal place of business in Fife, Washington.

2.3 On information and belief, at all times material hereto, William Kelly Courser, Jr., has been a resident of Cowlitz County, Washington.

## III. JURISDICTION AND VENUE

3.1 This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens domiciled in different states.

3.2 In this action, MUSIC seeks declaratory relief regarding its obligations for an underlying claim under an insurance policy issued to i5 Distribution Inc. with relevant limits of insurance in excess of $75,000.

3.3 MUSIC has a good faith belief that Courser seeks damages in excess of $75,000 in from MUSIC's insured, i5 Distribution Inc.

3.4 This Court has personal jurisdiction over the Parties because i5 Distribution Inc. does business in the State of Washington, the Underlying Action is pending in a Washington State Superior Court (Cowlitz County), the Insurance Policy was issued in Washington State, and this dispute arises out of or relates to the Parties' contacts within the State of Washington.

3.5 Venue is proper in the Western District of Washington under 28 U.S.C. § 1391 because Plaintiff MUSIC's Insured, Defendant i5 Distribution Inc., is subject to personal jurisdiction in the State of Washington, the Underlying Action is pending in a Washington State Superior Court (Cowlitz County), the events of the Underlying Lawsuit occurred within Washington's Western District, and this dispute arises out of or relates to the Parties' contacts within the State of Washington.



SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101
T: 206.447.6461

## IV. FACTUAL ALLEGATIONS

### A. The Underlying Action

4.1 On or about September 4, 2025, Courser filed the Underlying Action in the Washington State Superior Court for Cowlitz County. The Underlying Action names the following entities as defendants: Satguru Ji Corporation, i5 Distribution Inc., Distributor Doe, and Manufacturer Moe.

4.2 The Complaint alleges that on or about November 2, 2022, Courser purchased an "Elf Bar BC 5000" disposable nicotine vaporizer device from Satguru Ji Corporation at its retail shop in Kelso, Cowlitz County, Washington.

4.3 The Complaint alleges that Defendant i5 Distribution Inc. distributed the Elf Bar BC 5000 at issue to Satguru Ji Corporation prior to its sale to Courser and that both i5 Distribution Inc and Satguru Ji Corporation are a "product seller."

4.4 The Complaint alleges that on or about November 27, 2022, while Courser was working for his employer in Kelso, Washington, The Elf Bar BC 5000 electronic spontaneously caught fire and exploded in his pants pocket, which caused his pants to catch fire.

4.5 The Complaint alleges the fire and explosion of the Elf Bar BC 5000 was caused by defective manufacturing and production and was not reasonably safe by design and did not include adequate instructions, proper warnings, or compatible components.

4.6 The Complaint alleges that the device leaked toxic fumes causing Courser to lose consciousness for a period of time. Courser also alleges he sustained severe burn injuries to both his legs, his lower torso, and parts of his arms. Courser's treatment included a left leg amputation above the knee attributed to the fire and injuries he sustained.

4.7 The Complaint states Courser seeks a judgment against defendants for economic damages in an amount to be further proven at time of trial; for noneconomic damages in an amount to be further proven at the time of trial; for statutory interest on the judgment and for Plaintiff's costs and disbursements and such other relief the Court deems just and proper.



SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101
T: 206.447.6461

4.9 On information and belief, Courser seeks in excess of $75,000 from i5 Distribution in the Underlying Action.

4.10 MUSIC is providing a defense to i5 Distribution Inc. in the Underlying Action subject to a complete reservation of rights.

**B. <u>The MUSIC Insurance Policy</u>**

4.11 MUSIC issued a policy of insurance bearing policy number MP0046003017435 to named insured i5 Distribution Inc for the policy period of June 1, 2022, to June 1, 2023 (the "MUSIC Policy").

4.12 The MUSIC Policy's insuring agreement, provides, in relevant part, the following:

> **SECTION I - COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
> **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and
>
> **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.



SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101
T: 206.447.6461

> No other obligation or liability to pay sums or perform acts or service is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

4.13 The MUSIC Policy contains the following relevant definitions:

> **SECTION V – DEFINITIONS**
>
> . . .
>
> **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
> . . .
>
> **21.** "Your product":
>
> **a.** Means:
> **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposes of by:
> **(a)** You;
> **(b)** Others trading under your name; or
> **(c)** A person or organization whose business or assets you have acquired; and
> **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods.
>
> **b.** Includes:
> **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
>
> **(2)** The providing of or failure to provide warnings or instructions
>
> **c.** Does not include vending machines or other property rented to or located for the use of others but not sold.
>
> **22.** "Your work":



SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101
T: 206.447.6461

**a.** Means:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of “your work”; and

**(2)** The providing of or failure to provide warnings or instructions.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

**(2)** The providing of or failure to provide warnings or instructions.

4.14 The MUSIC Policy includes the following Tobacco, Nicotine, or Nicotine Replacement Products Endorsement (Form No. MUS 01 01 20131 0219):

THIS ENDROSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.

**EXCLUSION – TOBACCO, NICOTINE, OR NICOTINE REPLACEMENT PRODUCTS**

This endorsement modifies insurance provided under the following:

COMMERICIAL GENERAL LIABILITY COVERAGE PART

A. The following is added to Paragraph 2. **Exclusions of COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY and COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY (SECTION I - COVERAGES):**

**Tobacco, Nicotine, or Nicotine Replacement products**

This insurance does not apply to “bodily injury”, “property damage”, or “personal and advertising injury” arising, in whole or in part, out of the actual, alleged, threatened or suspected inhalation, ingestion, use, absorption, delivery, or consumption of, exposure to, existence or presence of or contact with any “tobacco, nicotine, or nicotine replacement products” used, handled, or supplied, processed, altered,



SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101
T: 206.447.6461

prepared, sold or manufactured by any insured or any other person or entity regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

B. The following is added to **SECTION V – DEFINITIONS:**

"Tobacco, nicotine, or nicotine replacement products" means tobacco in any form; raw or cured tobacco; cigars and cigar wrappers; pipe tobacco; cigarettes; cigarette filters and papers; snuff; chewing tobacco; liquids or e- liquids used in electronic cigarette smokeless tobacco products; tobacco smoke including second hand smoke; tobacco substitutes; vaporized tobacco or nicotine; and nicotine and synthetic nicotine in any form.

"Tobacco, nicotine, or nicotine replacement products" includes any device used for the absorption, consumption, ingestion, inhalation or delivery of natural or synthetic nicotine or replacement nicotine, or any container, material, part, battery, atomizer cartridge, equipment or accessory, including, but not limited to: electronic or smokeless cigarettes, lozenges, discs, orbs, gases, mists, chew sticks and film strips, or applied patches or treatment in any form; hookahs, water pipes, vaporizers; or gaseous, liquid or solid residues or byproducts of tobacco or nicotine use, consumption, manufacturing or processing.

For purposes of this exclusion, any mineral, chemical, (including but not limited to those used to enhance flavor or fragrance such as ketones, diketones, and related substances), fluid or aerosol or other product sprayed on, applied to, found within or used in conjunction with any "tobacco, nicotine, or nicotine replacement product" is deemed a part of such product.

4.15 The MUSIC Policy also contains the following "Limitation of Coverage to Designated Premises, Project or Operation" endorsement (Form No. CG 21 44 04 17), which provides, in relevant part, the following:

THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.



SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101
T: 206.447.6461

**LIMITATIONS OF COVERAGE TO DESIGNATED PREMISES, PROJECT OR OPERATION**

This endorsement modifies insurance provided under the following:

COMMERICAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| |
|---|
| **Premises:**<br>5009 Pacific Hwy E Ste 2, Fife, WA 98424 |
| **Project or operation:** |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A.** If this endorsement is attached to Commercial General Liability Coverage Form **CG 00 01**, the provisions under this Paragraph **A.** apply:

**1.** Paragraph **1.b.** under **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

**2.** This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

**(1)** The "bodily injury" or "property damage":

**(a)** Occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; or

**(b)** Arises out of the project or operation shown in the Schedule;

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed



SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101
T: 206.447.6461

> under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

## V. CAUSES OF ACTION

### First Claim for Relief

### (Declaratory Judgment that MUSIC Has No Duty to Defend i5 Distribution Inc. in the Underlying Action)

5.1 MUSIC realleges and incorporates by this reference all preceding paragraphs above, in their entirety, as through fully set forth herein.

5.2 MUSIC and defendants dispute whether MUSIC owes a defense to i5 Distribution Inc. in the Underlying Action pursuant to the terms of the MUSIC policy, including but not limited to, the terms, exclusions, and endorsements recited above.

5.3 An actual, justiciable controversy exists between MUSIC and Defendants, including whether MUSIC owes a duty to defend i5 Distribution Inc. in the Underlying Action.

5.4 The Court should declare that MUSIC does not owe i5 Distribution Inc. a duty to defend in the Underlying Action.

### Second Claim for Relief

### (Declaratory Judgment that MUSIC Has No Duty to Indemnify i5 Distribution Inc. in the Underlying Action)

5.5 MUSIC realleges and incorporates by this reference all preceding paragraphs above, in their entirety, as through fully set forth herein.



SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101
T: 206.447.6461

5.6 MUSIC and Defendants dispute whether MUSIC has a duty to indemnify i5 Distribution Inc. in the Underlying Action pursuant to the terms of the MUSIC policy, including, but not limited to, the terms, exclusions, and endorsements recited above.

5.7 An actual, justiciable controversy exists between MUSIC and Defendants including whether MUSIC owes a duty to indemnify i5 Distribution Inc. in the Underlying Action.

5.8. The Court should declare that MUSIC does not owe i5 Distribution Inc a duty to indemnify in the Underlying Action.

**Third Claim for Relief**

**(Declaratory Judgment that MUSIC Has No Duty to Defendant Courser for Any Indemnity)**

5.9 MUSIC realleges and incorporates by this reference all preceding paragraphs above, in their entirety, as through fully set forth herein.

5.10 MUSIC and Defendants dispute whether Courser can recover any judgment or other indemnity from MUSIC based on the above policy provisions.

5.11 An actual, justiciable controversy exists between MUSIC and Defendants, including whether MUSIC may owe a judgment or other indemnity to Courser in the Underlying Action.

5.12 The Court should declare that MUSIC owes no duty to Courser for any indemnity in the Underlying Action.

**PRAYER FOR RELIEF**

WHEREFORE, MUSIC prays for judgment as follows:

1. On the First Claim for Relief, for a declaration that MUSIC owes no duty to defend i5 Distribution Inc. in the Underlying Action;

2. On the Second Claim for relief, for a declaration that MUSIC owes no duty to indemnify i5 Distribution Inc. in the Underlying Action;

3. On the Third Claim for Relief, a declaration that MUSIC owes no judgment or other indemnity to Courser in the Underlying Action;



SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101
T: 206.447.6461

4. For an award of costs and fees incurred in bringing this action, including reasonable attorneys' fees;

5. For such other and further relief this Court deems just and proper.

DATED: September 4, 2026.

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP

By: /s/ Justin S. Landreth
Justin S. Landreth, WSBA# 44849

By: /s/ Laura G. Spence
Laura G. Spence, WSBA# 59480

SELMAN LEICHENGER EDSON HSU
NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101
Telephone: 206.447.6461
jlandreth@selmanlaw.com
lspence@selmanlaw.com

*Attorneys for Mesa Underwriters Specialty Insurance Company*